## CLAY'S ADMINISTRATORS v. VANBEBBER'S ADMINISTRATOR.

Supreme Court. New Castle. April, 1794.

*Bayard's Notebook, 58.*

In this term, April 11, *Levy* and *Read*, counsel for the plaintiffs, obtained a "rule to show cause why the plaintiffs should not have leave of the court to add another plea or answer to the defendant's plea of discount." April 12, upon showing cause, the counsel for the plaintiffs stated that the plea or answer designed was the Statute of Limitations and admitted that it should be taken as part of the rule. They contended for their right to amend the replication under the seventh section, Article Six of the Constitution, which allows all amendments necessary to the determination of a cause according to its real merits. The case is within the Statute of the 4 Anne c. 16, because the plaintiff is in the nature of a defendant as to the plea of discount; it is embraced by the spirit, though not by the letter. If instead of pleading the account the defendant had brought an action upon it, the plaintiff might in his defense have availed himself of the several matters now offered in nature of a plea in his replication. The Statutes of Set-off and the Act of Defalcation were made subsequent to the Statute of Anne and therefore may be construed within the equity of it according to the doctrine in *Vernon's Case*, 4 Co. 4, "that an act made of late time shall be taken within the equity of an act made long time before," of which several instances are there cited analogous to the present case. A discount is a cross

demand and the plaintiff should be allowed the same advantages under the Statute as if it had been made against him in the character of defendant. The application is not out of time, 1 Wils. 76.

On the other side it was argued by *Bayard* for defendant that antecedent to the Statute of Anne, even a defendant was allowed but one plea, and that the privilege of pleading several matters was given by the Statute only to defendants and to plaintiff in replevin. It is not sufficient that, as to the plea of discount, a plaintiff is in nature of a defendant, because the Statute has expressly provided for plaintiff in replevin who possesses that nature and yet was supposed to need an express provision in order to entitle him to the advantage of double pleading. It is a point already decided that a replication is not within the Statute, Fost. 335. Nor is a rejoinder, 4 Bac.Abr. 142. In allowing double pleading, the Statute stopped at the plea, in order to avoid the inconveniences which would follow from the numberless issues which otherwise might be generated by the pleadings in one cause. But at all events, the court will refuse leave to reply the Statute of Limitations upon the principle in an analogous case, 2 Wils. 253.

This case is not an object of the Constitution which only intended to allow a party to correct errors in doing that which, if well done, would have been regular, and not to do things which, if antecedently had been well done, would have been irregular.

April 14. The Court held the case under consideration till this day when their opinion was delivered by READ, C. J. It is not necessary that the Court should declare an opinion upon the general question whether a plaintiff may reply doubly to a plea of discount, because the case may be determined upon the special replication offered and its peculiar circumstances. The action is brought upon a bond of more than twenty years standing, and the discounts set up are rents and profits of land which accrued at or shortly after the date of the bond. In such a case it would be wrong to interpose a peremptory bar upon one side when the other is subject only to the effect of presumption. If the matter is left open, both parties stand upon an equal footing; presumption of payment arising from time will operate as well upon the discounts as the bond. A plaintiff otherwise might gain an advantage by delaying the commencement of his suit on his bond till the cross demands were barred by the Statute.

Rule discharged.